

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-73,484-02

**Ex parte NEAL HAMPTON ROBBINS, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 98-06-0075-CR IN THE 410TH DISTRICT COURT MONTGOMERY COUNTY

**KELLER, P.J., filed a dissenting opinion in which HERVEY, J., joined.**

The legislature passed Article 11.073 to allow a defendant to obtain habeas relief on the basis of new scientific evidence.[1] In a nutshell, the question before us is whether the statute contemplates granting relief on the basis of (1) a change in the science, or (2) a change in the opinion held by a particular expert in the science. Judge Keasler's position is that the scientific evidence is new only if there has been a change in the relevant body of scientific knowledge or in the accepted method by which a particular scientific inquiry is conducted. The Court's position is that the change can be the expert's own testimony, even if that change in testimony is based merely on the expert becoming more educated in the relevant field of study. I agree with Judge Keasler that the statute contemplates

---

[1] *See* TEX. CODE CRIM. PROC. art. 11.073.

granting relief only on the basis of a change in the science.

Subsection (b) of the statute creates a claim for relief on the basis of new scientific evidence.[2] To obtain relief under Subsection (b), the applicant must show, among other things, that "relevant scientific evidence is currently available and was not available at the time of the convicted person's trial because the evidence was not ascertainable through the exercise of reasonable diligence by the convicted person before the date of or during the convicted person's trial."[3] In Subsection (d), the legislature defines what it means to say that scientific evidence was not ascertainable through the exercise of reasonable diligence:

> (d) In making a finding as to whether relevant scientific evidence was not ascertainable through the exercise of reasonable diligence on or before a specific date, the court shall consider whether *the scientific knowledge or method on which the relevant scientific evidence is based* has changed since:
>
> (1) the applicable trial date or dates, for a determination made with respect to an original application;  or
>
> (2) the date on which the original application or a previously considered application, as applicable, was filed, for a determination made with respect to a subsequent application.[4]

I agree with Judge Keasler that the phrase "the scientific knowledge or method on which the relevant scientific evidence is based" refers to general science, not an expert's particular knowledge or method of doing things.  That is the natural understanding of the words in the sentence, and Judge Keasler explains in detail why the Court's contrary construction of that phrase is untenable.  So, to satisfy Subsection (b)'s requirement that "the evidence was not ascertainable through the exercise

---

[2]  *Id.* art. 11.073(b).

[3]  *Id.* art. 11.073(b)(1)(A).

[4]  *Id.* art. 11.073(d) (emphasis added).

of reasonable diligence by the convicted person before the date of or during the convicted person's trial," the applicant must show that the body of scientific knowledge or the accepted methodology has changed since the trial.

While I fully agree with the first two sections of Judge Keasler's opinion, I would analyze the issue in the third section differently. That section argues that applicant is barred from filing this application because the science has not changed since his *prior application*. It is true that, in order to take advantage of Subsection (c) of Article 11.073, an applicant who files a subsequent application must show that the body of scientific knowledge or the accepted methodology has changed since his prior habeas application. Subsection (c) allows a subsequent application when a change in science occurs after the filing of the prior application.[5] But Article 11.073 did not exist when applicant filed his original application, so Subsection (b) of that article qualifies as a new legal basis under Article 11.07, § 4(a)(1) and (b).[6] Consequently, applicant's claim is authorized by Article 11.07, § 4.

---

[5] *Id.* art. 11.073(c) ("For purposes of Section 4(a)(1), Article 11.07, Section 5(a)(1), Article 11.071, and Section 9(a), Article 11.072, a claim or issue could not have been presented previously in an original application or in a previously considered application if the claim or issue is based on relevant scientific evidence that was not ascertainable through the exercise of reasonable diligence by the convicted person on or before the date on which the original application or a previously considered application, as applicable, was filed.").

[6] *See id.* art. 11.07, § 4(a)(1) ("If a subsequent application for a writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that . . . the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application."), (b) ("For purposes of Subsection (a)(1), a legal basis of a claim is unavailable on or before a date described by Subsection (a)(1) if the legal basis was not recognized by or could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state on or before that date.").

Nevertheless, in order for applicant to obtain relief, his claim must qualify under Article 11.073, Subsection (b). To so qualify, applicant must show that the science has changed since his *trial*. Because he has not done so, his claim does not qualify, and this application should be dismissed.[7]

Filed: November 26, 2014
Publish

---

[7] *See Ex parte Oranday-Garcia*, 410 S.W.3d 865 (Tex. Crim. App. 2013) (applicant must make out a prima facie case for relief under the new law he identifies to avoid dismissal under subsequent-application prohibitions).